NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ROBERT FRANCO CORONADO, *Appellant.*

No. 1 CA-CR 16-0164
FILED 11-10-2016

Appeal from the Superior Court in Maricopa County
No. CR2015-123669-001 DT
The Honorable Dean M. Fink, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Chief Judge Michael J. Brown joined.

---

**W I N T H R O P**, Judge:

¶1 Robert Franco Coronado ("Appellant") appeals his conviction and sentence for disorderly conduct. Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating he has searched the record for error but failed to identify any arguable question of law that is not frivolous. Appellant's counsel therefore requests that we review the record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999) (stating that this court reviews the entire record for reversible error). This court allowed Appellant to file a supplemental brief *in propria persona*, but Appellant has not done so.

¶2 We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2016), 13-4031 (2010), and 13-4033(A) (2010).[1] Finding no reversible error, we affirm.

**FACTS AND PROCEDURAL HISTORY[2]**

¶3 On June 2, 2015, a grand jury issued an indictment charging Appellant with one count of aggravated assault, a class three dangerous domestic violence felony. *See* A.R.S. § 13-1204 (Supp. 2015). Before trial, the State filed allegations of historical priors, alleged Appellant had committed the charged offense while released from confinement pursuant

---

[1] We cite the current version of all applicable statutes because no revisions material to this decision have occurred since the date of the offense.

[2] We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

to A.R.S. § 13-708 (Supp. 2015), and further alleged the existence of several aggravating circumstances.

¶4 At trial, the State presented the following evidence: On May 23, 2015, S.M.S. ("the victim") and Appellant began arguing in the family room of their parents' home over the treatment of their sister, who was in the room watching television. Appellant appeared to be intoxicated. After the victim threatened to call the police, Appellant responded that he would "give [the victim] a good reason to call the cops" and went to the kitchen. The victim's daughter, who was also present, began to cry and scream, and Appellant returned to the family room and approached the victim with two knives. The victim picked up a bicycle and held it in front of her as a means of self-defense and to defend her children. Appellant used the knives to make noises with the bicycle tire's rim, ostensibly to "scare" the victim. Appellant then put the knives in his pocket, walked up to his and the victim's sister, apologized, and told her he loved her. The victim gathered her children, left the house, and called the police. After police officers arrived, Appellant refused to leave the home for more than three hours, until a Strategic Assignment Unit intervened and Appellant was eventually arrested.

¶5 The jury found Appellant not guilty of aggravated assault, and not guilty as to the lesser-included charge of assault, but did find Appellant guilty of the lesser-included charge of disorderly conduct, a class 6 felony. *See* A.R.S. § 13-2904(A)(6) (2010). The jury further found as aggravating circumstances that the offense involved the use, threatened use, or possession of a dangerous instrument, specifically two knives; was a domestic violence offense; and was committed while Appellant was on parole, community supervision, or any other release from confinement for conviction of a felony offense.

¶6 After finding that Appellant had four prior felony convictions, the court sentenced Appellant to a presumptive term of 3.75 years' imprisonment with credit for 272 days of presentence incarceration. Appellant filed a timely notice of appeal.

## ANALYSIS

¶7 We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96. The evidence presented at trial was substantial and supports the verdict. Appellant was represented by counsel at all stages of the proceedings and was given the opportunity to speak at sentencing. The

proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶8**　　　　After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶9**　　　　Appellant's conviction and sentence are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:　AA